Case 4:12-cv-00433-A Document 24 Filed 12/27/12 Page 1 of 7 PageID 106

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 27 2012

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRIC L. CHELF, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-433-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Patric L. Chelf, a state prisoner currently incarcerated in Gatesville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On February 13, 1997, a jury convicted petitioner of one count of aggravated sexual assault of a child under 14 years of age in the 297th District Court of Tarrant County, Texas, and, on

February 14, 1997, assessed his punishment at 99 years' confinement. (Trans. at 55) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Chelf v. State*, No. 2-97-179-CR, slip copy (Tex. App.-Fort Worth, Mar. 26, 1998) (not designated for publication). Petitioner did not file a timely petition for discretionary review in the Texas Court of Criminal Appeals; thus, his conviction became final under state law at the expiration of time he had to file a timely petition for discretionary review on April 25, 1998. (Resp't Prel. Resp., Ex. A) *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner did not seek writ of certiorari or postconviction state habeas relief. (Pet. at 3-4) This federal petition was filed on June 25, 2012, in which petitioner challenges his 1998 conviction on four grounds.[1] Respondent contends the petition is untimely.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996

---

[1] On that date, the clerk received for filing petitioner's so-called "Memorandum and Motion to Dismiss for Lack of Subject Matter Jurisdiction," which was subsequently re-designated by court order as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

(the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the

3

limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, petitioner's conviction became final on April 25, 1998, triggering the one-year limitations period, which expired one year later on April 25, 1999, absent any tolling. *See Roberts*, 319 F.3d at 694.

Petitioner did not seek postconviction state habeas relief for purposes of statutory tolling under § 2254(d)(2) nor has he demonstrated that he is entitled to tolling as a matter of equity. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It is well

---

[2] Petitioner does not show one of the other exceptions triggered the limitations period under § 2244(d)(1)(B)-(D) nor does the record indicate that any unconstitutional state action prevented him from filing a petition for federal habeas relief before limitations ended, that his claims relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review, or that he could not have discovered with due diligence the factual predicate of his claims earlier.

recognized that a prisoner's pro se status, incarceration, unfamiliarity with the legal process, ignorance of the law, an inadequate law library, and limited access to the law library, all common problems among inmates who are trying to pursue postconviction habeas relief, do not excuse prompt filing. *Fierro v. Cockrell*, 467 F.3d 484, 683 (5th Cir. 2006); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Further, petitioner's excessive delay, over 14 years after the conviction became final, in seeking federal habeas relief mitigates against equitable tolling.

Nor does a challenge to the state court's subject matter jurisdiction excuse compliance with the federal statute of limitations. While it is true that petitioner could challenge *this* court's jurisdiction in *this* case at any time in the proceeding, he cannot challenge the jurisdiction of the state court at any time by way of a federal habeas petition, as he is attempting to do. Other than the doctrine of equitable tolling, neither statute nor case law provide any exceptions to the clearly stated one-year statute of limitations under the AEDPA. *See United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012)

(providing jurisdictional claims are subject to the one-year limitations period for § 2255 claims). *See also Dodd v. United States*, 545 U.S. 353, 357 (2005) (when text unequivocally identifies date from which one-year limitation period is measured, it must be presumed that statute means what it says); *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (discrete set of rules apply to federal habeas actions launched by state prisoners and Federal Rules of Civil Procedure apply to the extent they are not inconsistent with any statutory provisions or the habeas rules). Accordingly, the one-year statute of limitations applies to petitioner's jurisdictional claim.[3]

In summary, petitioner's federal petition was due on or before April 25, 1999. His petition filed on June 25, 2012, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS petitioner's

---

[3]Although AEDPA bars petitioner from bringing the claim in federal court, because he has not filed a habeas corpus action in state court, he may still be able to do so. The question of the jurisdiction of the convicting court may be raised at any time. *Ex Parte Lewis*, 934 S.W.2d 801, 803 (Tex. App.-Houston [1st Dist.] 1996, no writ).

motions for bench warrant and an evidentiary hearing be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has failed to show his petition to be timely and to make "a substantial showing of the denial of a federal right."

SIGNED December 27, 2012.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE